UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ROBERT N. CAPPIELLO,

        Plaintiff,

- against -

ICD PUBLICATIONS, INC. and
DAVID PALCEK,

        Defendants.
----------------------------------------------------------x

**MEMORANDUM OF
DECISION AND ORDER**
08–CV–02417 (ADS)(ETB)

**A P P E A R A N C E S:**

    **WEINSTEIN, KAPLAN & COHEN, P.C.**
        Attorneys for the Plaintiff
        1325 Franklin Avenue, Suite 210
        Garden City, NY 11530
    BY:    Danielé D. DeVoe, Esq., of Counsel

    **CLAUSEN MILLER P.C.**
        Attorneys for the Defendants
        One Chase Manhattan Plaza, 30th Floor
        New York, NY 10005
    BY:    Christopher T. Scanlon, Esq.,
        Jeffrey W. Varcadipane, Esq.,
        Don R. Sampen, Esq., of Counsel

**SPATT, District Judge.**

In a motion dated December 11, 2012, entitled "Motion for Approval of Supersedeas Bond", the plaintiff Robert N. Cappiello, by his attorneys, moved the Court as follows: "for entry of an order approving the attached Supersedeas Bond for the purposes of staying the effect of the Memorandums of Decision and Order, entered on November 6, 2012 and December 6, 2012, respectively, pending appeal."

1

On December 11, 2012, the plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit, as to "each and every portion of the Memorandum of Decision and Order, entered in the above-caption matter on November 6, 2012 and the Memorandum of Decision and Order entered on December 6, 2012 . . . ."

The plaintiff secured a Supersedeas Bond from the Fidelity and Deposit Company of Maryland in the sum of $32,000. As stated above, the plaintiff requests an Order approving this bond to stay the effect of the two prior Decisions of the Court entered on November 6, 2012 and December 6, 2012. Actually, the first named Decision of this Court was dated November 2, 2012 and not November 6, 2012.

The November 2, 2012 Decision of this Court resulted in an Order directing that the plaintiff pay the Marshal's fee of $30,675.18. The December 6, 2012 Decision of this Court resulted in an Order affirming the prior November 2, 2012 Decision directing the plaintiff to pay the Marshal's fee within five (5) days of the date of the Order. However, the December 6, 2012 Order also directed the plaintiff to "serve and file a satisfaction of judgment in compliance with this Court's November 2, 2012 decision within five (5) days of the date of this Order." Therefore, the December 6, 2012 Order directed the plaintiff to do two acts: first, to pay the Marshal's fee, and second, to serve and file a satisfaction of judgment.

As stated above, the plaintiff is appealing from two decisions of this Court: first, as to the amount of post-judgment interest, and second, as to the direction to pay the Marshal's fee. In response to this motion by the plaintiff to approve the attached Supersedeas Bond to stay the effect of the Court's two orders, the defendants point out that the plaintiff's motion seeks a stay of <u>all</u> of both Orders, including the direction to issue a satisfaction of judgment. In this regard,

the defendants assert that the judgment as rendered by this Court against the defendants has been fully satisfied. Therefore, the defendants request that the Court should direct the plaintiff to issue a satisfaction of <u>that</u> judgment as well as a release of the defendants' Supersedeas Bond. The Court agrees that the satisfaction of judgment directed by the Court should be given by the plaintiff. Of course, the satisfaction of judgment should state that it is subject to the two grounds of appeal, namely, the issue of who is to pay the Marshal's fee and the amount of post-judgment interest.

Accordingly, it is hereby:

ORDERED, that the plaintiff shall serve and file a satisfaction of the judgment, in the terms directed by the Court, which satisfaction shall state that it is subject to the plaintiff's appeal on the issues of payment of the Marshal's fee and the amount of pre-judgment interest, together with a release of the defendants' Supersedeas Bond, within five (5) days of the date of this Order; and it is further

ORDERED, that the plaintiff's attached Supersedeas Bond is approved for the purpose of staying the effect of the Court's prior Orders only with regard to the two issues of (1) who shall pay the Marshal's fee, and (2) the amount of post-judgment interest.

**SO ORDERED.**

Dated: Central Islip, New York
December 26, 2012

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge